**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **DAVID A. TERRY,** | ) | **CASE NO. 4:08CV3001** |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM AND ORDER** |
| **STATE OF NEBRASKA,** | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| | ) | **CASE NO. 8:03CR324** |
| **UNITED STATES OF AMERICA,** | ) | |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM AND ORDER** |
| **DAVID A. TERRY,** | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's Complaint brought in case number 4:08CV3001 as a petition for writ of error coram nobis (Filing No. 1) and the motion for leave to proceed in forma pauperis (4:08CV3001, Filing No. 3). For reasons stated below, the Complaint/petition is considered as a motion for relief under 28 U.S.C. § 2255 in case number 8:03CR324.

**FACTUAL BACKGROUND**

In case number 8:03CR324, the Defendant, David A. Terry, pleaded guilty to a two-count Indictment charging him with possession with intent to distribute 500 grams or more of methamphetamine (Count I) and criminal forfeiture (Count II). Terry was sentenced to 262 months and 5 years supervised release. (Filing No. 55.) The government's motion

brought under Federal Rule of Criminal Procedure 35 was granted, and Terry's sentence of imprisonment was lowered to 180 months.  (Filing No. 73.)  Terry filed a motion to vacate, etc., under 28 U.S.C. § 2255 arguing in pertinent part that his counsel was ineffective for failing to collaterally attack a prior state court conviction that was one of two prior convictions used to sentence him in this Court as a career offender.  This claim was denied in accordance with *Custis v. United States,* 511 U.S. 485 (1994).  The only other claim raised in the § 2255 motion was also denied, and therefore Terry's § 2255 motion was denied in its entirety.  (Filing No. 77.)

Terry then filed a motion for a writ of error coram nobis in 8:03CR324, rearguing the issue of ineffective assistance of counsel with respect to the prior state court conviction. (Filing No. 78.)  The motion was denied for the reason that such relief may only be sought from the court that rendered the judgment in question.  (Filing No. 81.)

Terry then filed the same motion as a civil action, 4:08CV3001.  Because this issue was initially raised in this Court as a claim in Terry's § 2255 motion in 8:03CR324, the Complaint in 4:08CV3001 will be treated as a successive § 2255 motion.

## DISCUSSION

Rule 9 of the Rules Governing Section 2255 Proceedings provides: "Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8."  Therefore, Terry's motion is denied for lack of an order from the Eighth Circuit allowing this Court to consider the motion.

IT IS ORDERED:

1. The Complaint or petition for writ of error coram nobis (4:08CV3001, Filing No. 1), construed as a successive motion filed under 28 U.S.C. § 2255, is dismissed;

2. The Plaintiff's motion for leave to proceed in forma pauperis (4:08CV3001, Filing No. 3), is denied as moot;

3. The Clerk is directed to:

    a. file the Complaint (4:08CV3001, Filing No. 1) in 8:03CR324 as a motion to vacate, etc. brought under 28 U.S.C. § 2255;

    b. file this Memorandum and Order in both cases captioned above;

4. The motion to vacate, etc. filed under 28 U.S.C. § 2255 (8:03CR324, Filing No. ___) is summarily denied;

5. A separate judgment will be filed in both cases captioned above; and

6. The Clerk shall mail a copy of this Memorandum and Order to David A. Terry at his most recent address.

DATED this 16th day of April, 2008.

> BY THE COURT:
>
> S/Laurie Smith Camp
> United States District Judge